Gibson v Estate of Antiaris (2019 NY Slip Op 00192)





Gibson v Estate of Antiaris


2019 NY Slip Op 00192


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Webber, Kahn, JJ.


8091 304843/09

[*1]Courtney Gibson, Plaintiff-Respondent-Appellant,
v
The Estate of Teddy Antiaris, et al., Defendants-Appellants-Respondents.


The DeIorio Law Group, PLLC, Rye Brook (Alan Kachalsky of counsel), for appellants-respondents.
Lichtenstein & Schindel, LLP, Mamaroneck (Sande E. Lichtenstein of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about January 29, 2018, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the complaint, leave to amend the answer to add a second counterclaim, and sanctions, and denied plaintiff's cross motion for summary judgment as to liability, unanimously modified, on the law, to grant defendants' motion for leave to amend the answer and for summary judgment dismissing the complaint in its entirety and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
The first and second causes of action allege that plaintiff was damaged by defendants' false representation in the lease that the leased premises were suitable for and could be used as a health food deli and by defendants' failure to provide an adequate certificate of occupancy. These causes of action must be dismissed, because there are no such affirmative representations in the lease, which in fact provides that "Landlord makes no representations as to the suitability of the Premises for use by the Tenant for the business purpose intended, or for any other business or non-business purpose or use" and that "Tenant shall, at its own cost and expense, obtain and maintain any and all proper licenses, certificates, permits, authorizations and Certificate of Occupancy necessary to comply with all applicable laws, rules and regulations and to allow Tenant to lawfully conduct its business."
The third cause of action alleges that plaintiff was damaged by defendants' entering into an illegal lease, which resulted in the certificate of occupancy not being curable. This cause of action must be dismissed, because it was plaintiff who assumed the risk of the impossibility of obtaining the certificate of occupancy for the intended use of the leased premises, and, in fact, plaintiff used the premises, as intended, as a health food deli until he was evicted for nonpayment of rent.
The court improvidently exercised its discretion in denying defendants leave to amend the answer to assert a second counterclaim. The extent of defendants' right to collect any additional rent above the amount pleaded in the first counterclaim, including the right to collect the full rent due under the lease term, has not been established, and the effect of the stipulations pursuant to which defendants agreed to waive all additional rent owed remains unresolved. However, the proposed amendment is not palpably improper or insufficient as a matter of law, and the resulting [*2]delay will cause plaintiff no prejudice or surprise (see CIFG Assur. N. Am., Inc. v J.P. Morgan Sec. LLC, 146 AD3d 60, 64-65 [1st Dept 2016]).
We find that sanctions are not warranted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK